IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEFFREY M. BLOCHOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-064 |
| | ) | |
| JILL E. STEINBERG; MERRICK B. GARLAND; U.S. DEPT. OF VETERANS AFFAIRS, OGC; U.S. DEPARTMENT OF JUSTICE; and THE UNITED STATES, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Defendants move to stay discovery, including holding the planning conference and submitting the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1, pending resolution of their Motion to Strike.  Plaintiff opposes the motion.  (Doc. no. 10.)  For the reasons set forth below, the Court **GRANTS** the request.  (Doc. no. 8.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, Defendants have asked the presiding District Judge to strike the entirety of the current operative pleading based on allegedly improper representation of Plaintiff by a non-attorney. (See doc. no. 7.)  Moreover, as Defendants have responded to the complaint with a Rule 12 motion in lieu of an answer, and they have indicated a motion to dismiss may be forthcoming depending on the outcome of the motion to strike, (id. at n.1), the scope of the litigation – and thus the parameters of discovery – are as yet unknown.  When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the dispositive motion.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . .  [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendants' Motion to Strike.[1]  If the case is to continue after resolution of that motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the

---

[1] The Court acknowledges the outstanding issue of whether the instant case should be consolidated with Blochowicz v. United States, et al., CV 124-076, doc. nos. 4, 7 (S.D. Ga. May 23, 2024), and defers a determination on the consolidation issue pending resolution of the motions to strike filed in both cases.  If the cases are to continue after resolution of the motions to strike, the Court will address the issue of consolidation in due course.

2

presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending Rule 12 motion, provides further instructions to the parties that justifies continuation of the stay, or other circumstances warrant continuation of the stay, the parties shall inform the undersigned to that effect in a joint status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 20th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA